```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
KEITH CARLSON,                            :
                                          :
                         Plaintiff,       :     20cv9852 (DLC)
             -v-                          :
                                          :     MEMORANDUM OPINION
NORTHWELL HEALTH, INC.,                   :         AND ORDER
                                          :
                         Defendant.       :
                                          :
                                          :
----------------------------------------- X
```

APPEARANCES:

For Plaintiff:
Susanna Barron
Anne L. Clark
Vladeck, Raskin & Clark P.C.
565 Fifth Ave
Ste 9th Floor
New York, NY 10017

For Defendant:
John Patrick Keil
Daniel J. LaRose
Collazo, Florentino & Keil, LLP
747 Third Avenue
New York, NY 10017

DENISE COTE, District Judge:

In this age discrimination action, Keith Carlson alleges that his supervisor at defendant Northwell Health, Inc. began to apply age-based stereotypes to him after she learned his age. Ultimately, Carlson alleges that his employment was terminated for pretextual reasons on October 18, 2019. This action was filed on November 23, 2020 and reassigned to the Court on

September 9, 2021. The defendant moved for summary judgment on March 4, 2022, and asserts that there are no material facts in dispute and plaintiff has not shown that his age played any role in the defendant's decision to terminate his employment. For the following reasons, the motion for summary judgment is denied.

The parties do not dispute that the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), the New York State Human Rights Law ("NYSHRL"), NY Executive Law § 296 et seq., and the New York City Human Rights Law ("NYCHRL") govern this action. The standard for age discrimination claims under these statutes is well understood. See e.g., Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 303 (2d Cir. 2021) (ADEA); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 105 n.6 (2d Cir. 2010) (NYSHRL); Velazco v. Columbus Citizens Found., 778 F.3d 409, 411 (2d Cir. 2015) (NYCHRL).

Summary judgment may only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party." Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted).

Material facts are facts that "might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). In considering a motion for summary judgment, a court "construe[s] the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).

Here, the contradictory evidence in the record presents material issues of fact that must be resolved by the jury at trial. In support of the defendant's motion for summary judgment, the defendant provides deposition testimony to show that several Northwell Health employees observed and recorded deficiencies in plaintiff's work performance. This testimony may present a non-discriminatory reason for the termination of plaintiff's employment. In addition, any inference of discrimination is strongly undercut by the fact that the supervisor who hired the plaintiff was also the person who fired him.

The plaintiff, however, has presented evidence to show that the proffered reason for termination was pretextual. For instance, there is a paucity of contemporaneous documentation of any of the plaintiff's alleged performance issues. The plaintiff also offers testimony, which if credited by a jury,

reflects that the plaintiff's supervisor changed her treatment of the plaintiff after she learned the plaintiff's age and fired him not long thereafter. These facts are material to determining whether the defendant has shown a non-discriminatory reason for termination and the parties' dispute must be resolved by the jury at trial.

## Conclusion

The defendant's March 15, 2021 motion for summary judgment is denied. The parties shall be prepared to proceed to trial May 12, 2022.

Dated:    New York, New York
          April 8, 2022

                                          _____
                                          DENISE COTE
                                          United States District Judge