UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH CARLSON,<br><br>                    Plaintiff,<br><br>-against-<br><br>NORTHWELL HEALTH INC.,<br><br>                    Defendant. | No. 20 CV 9852 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are Defendant's April 22, 2022 motions in limine.  (Dkt. No. 56 ("Mot.").)  Plaintiff opposed the motion on April 28, 2022.  (Dkt. No. 60-62.)  Defendant raises six issues:  (1) Plaintiff's claims are time-barred; (2) Plaintiff waived his right to a jury trial; (3) certain documents and testimony regarding Plaintiff's age should be excluded; (4) testimony of lay witnesses who lack personal knowledge should be excluded; (5) exhibit 76 should be excluded; and (6) Plaintiff should be precluded from arguing a specific amount of non-economic damages.  The Court resolved the second issue on the record at a pretrial conference on April 29, 2022.  This order addresses the first issue.  The Court concludes that Defendant has forfeited its statute-of-limitations defense.

    Defendant uses its motion in limine as an opportunity to seek summary judgment against Plaintiff on the basis that Plaintiff's claims are time-barred under the applicable statutes

1

of limitations.  (Mot. at 1-5.)  According to Defendant, Plaintiff agreed as part of his employment application that "any lawsuit," including any suit for age discrimination, "must be filed no more than six (6) months after the date of the employment action or other conduct that is the basis for the lawsuit."  (Exhibit Z to Declaration of Daniel J. LaRose [dkt. no. 56-3] at 4.)  Plaintiff does not dispute that the last date of any "employment action" was October 18, 2019, the date of Plaintiff's termination.  Nor can Plaintiff dispute that he filed his complaint on November 23, 2020, more than a year after his termination.  The Court nevertheless concludes that Defendant has forfeited its statute-of-limitations defense.

First, although Defendant asserted the statutes of limitations as an affirmative defense in its answer to the complaint (Dkt. no. 8 at 5 ("Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.")), and although the "bare assertion" of a statute-of-limitations defense in the answer may be sufficient to preserve that defense for trial, Kulzer v. Pittsburgh-Corning Corp., 942 F.2d 122, 125 (2d Cir. 1991), "the district court may bar any issue that was foreseeable but not raised in a pretrial order."  Potthast v. Metro-N. R.R. Co., 400 F.3d 143, 154 (2d Cir. 2005).  Indeed, a final pre-trial order "is not to be changed lightly . . . [and] [t]hat which is not alleged in the Pre-Trial Order is generally

2

deemed waived."  Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc., No. 01 Civ. 3796(PKL), 2005 WL 1026515, at *6 (S.D.N.Y. May 2, 2005); accord Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC, 695 F. App'x 864, 875 (6th Cir. 2017) ("[C]ourts hold that parties generally forfeit claims or defenses not raised in the final pretrial order."); Correa v. Hosp. San Francisco, 69 F.3d 1184, 1195 (1st Cir. 1995).  The Court thus concludes that Defendant forfeited its statute-of-limitations defense when it failed to include that defense or even any oblique reference to the defense or the facts surrounding it in the final pretrial order.

The Court is conscious of the fact that it "should not refuse to modify a pre-trial order where manifest injustice will result."  Potthast, 400 F.3d at 153 (cleaned up).  Although Defendant has not moved to amend the pre-trial order to add belatedly its statute-of-limitations defense, the Court considers the issue now sua sponte.  Defendant has offered no reason for the tardiness of its assertion of this defense.  The language Defendant relies upon comes from plaintiff's employment application--a document of obvious import in this employment discrimination case--and bears Bates numbers Northwell000001-000004, which indicates that it likely was among the first documents to be produced by Defendant.  This is not, therefore, a situation in which crucial documents from the other side came

3

to light on the eve of trial necessitating the late assertion of a defense and thus modification of the pre-trial order. And this particular defense is substantially, if not entirely, legal in nature; Defendant identifies no facts that have come to light which might explain the timing of this motion or the omission of the defense from the pre-trial order.

Far from working a manifest injustice to Defendant, reviving this defense now would unduly prejudice Plaintiff who has been litigating this case and preparing for trial on the reasonable belief that Defendant no longer was pressing a statute-of-limitations defense. Indeed, if there is merit to Defendant's statute of limitations argument (a question this Court does not consider), Plaintiff would have suffered the needless prejudice of undertaking discovery, defending summary judgment, and preparing for trial on claims that could have been swiftly dismissed as a matter of law.

And Plaintiff would suffer continued prejudice were it required to try this issue under the circumstances. "Gamesmanship occurs when a party delays in asserting defenses or claims with the intent or hope that the delay will prejudice the other side." Mirror Worlds, LLC v. Apple, Inc., No. 08-CV-88, 2009 WL 10685192, at *3 (E.D. Tex. June 2, 2009). Regardless of whether Defendant was engaged in outright gamesmanship here, Defendant omitted the statute-of-limitations

4

defense from the pre-trial order that the parties had been jointly drafting over a period of days but then turned around and asserted the defense in a motion in limine filed with the Court less than three hours after the pre-trial order was docketed.  From these facts the Court infers some degree of intentionality on Defendant's part.

The Court stresses that it is not advocating a harsh regime favoring forfeiture any time a defense validly asserted in an answer is not raised in pre-trial motions and not mentioned in a pre-trial order.  It is axiomatic that courts generally abhor a forfeiture.  At the same time, however, parties should take seriously Rule 16(d), which provides that pretrial orders "control the course of the action" unless modified, and Judge Cote's Individual Rule 6.A.iv, which governed at the time the pre-trial order was submitted and which requires that the pretrial order include "[a] brief summary . . . of the claims and defenses that the party asserts remain to be tried." Defendant listed its defenses in compliance with Rule 16(d)-(e) and Judge Cote's Individual Rules but did not include a statute-of-limitations defense among them.  Under these circumstances, the balance of the equities tilt decidedly to Plaintiff's side of the scale.

For all of these reasons, the statute-of-limitations defense is forfeited.

Second, and relatedly, even assuming the defense was not forfeited the Court would decline to consider the issue at this stage. Trial is set to begin in less than two weeks, and "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim." Williams v. Rushmore Loan Mgmt. Servs. LLC, No. 15-CV-673 (RNC), 2017 WL 822793, at * 1 (D. Conn. Mar. 2, 2017). Defendant had every opportunity to raise this issue in a motion to dismiss or in its motion for summary judgment, which it filed in early March--less than two months ago--but it did not do so. The Court's deadline for summary judgment motions has passed, and Defendant has offered no good cause as to why it should be given leave to take a second bite at the apple. The Court thus declines to consider this "successive summary judgment motion" because the arguments "could have been raised in the first motion" but were not. Bridgeforth v. Zerafa, No. 16-CV-273, 2018 WL 11217202, at *1 (S.D.N.Y. Nov. 19, 2019) (cleaned up).

**SO ORDERED.**

Dated:    May 2, 2022
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge